UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIEJAS BAND OF KUMEYAAY INDIANS | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 3:03CV02118(PCD) |
| v. | : | |
| | : | |
| JAY LORINSKY, et al. | : | |
| | : | |
| Defendants. | : | FEBRUARY 27, 2006 |

PLAINTIFF'S REPLY TO DEFENDANT JAY LORINSKY'S
OPPOSITION TO MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Viejas Band of Kumeyaay Indians ("Viejas") respectfully replies to defendant Jay Lorinsky's Memorandum in Opposition to Plaintiff's Motion for Voluntary Dismissal ("Opposition").[1] As Viejas advised the Court in a Motion to Dismiss that Viejas filed promptly after it discovered the jurisdictional deficiency, and as is now undisputed, this Court lacks jurisdiction over this action. This Court therefore properly dismissed this action without prejudice and its Order should remain undisturbed. Instead of claiming that the case should not have been dismissed, Lorinsky now argues that the dismissal should have been with

---

[1] Although Lorinsky's Memorandum is dated February 7, 2006, it was not filed with the Court until February 24, 2006.

prejudice. Because Lorinsky has not and cannot demonstrate any legal prejudice he suffered from the prosecution and dismissal of this action and the resumption of this matter in state court, this Court's earlier dismissal without prejudice should stand.

As detailed in the accompanying affidavit of Elizabeth Stewart (see Exhibit 1), prior to December 2005, Viejas did not recognize that it could not sue defendants in this Court pursuant to the diversity jurisdiction statute. Had it known this, Viejas would have sued defendants in Connecticut Superior Court. While Viejas certainly regrets that it did not recognize this problem prior to December 2005, Viejas adamantly denies, as Lorinsky has suggested, that at any point earlier than December 2005 its counsel had any understanding that its invocation of this Court's jurisdiction was improper.

Viejas notes that Lorinsky's counsel, who was counsel of record in this matter for almost one year before withdrawing as counsel in November 2004, did not ever raise this jurisdictional issue, nor did counsel for The Hartford. Viejas does not make this observation an excuse, but merely to illustrate that the jurisdictional issues presented when an Indian tribe seeks to sue under state law theories are complex. As detailed in Ms. Stewart's affidavit, Viejas unfortunately did not uncover this authority until researching certain legal issues in connection with this Court's Trial Preparation Order requirements. And as soon as it was aware of this problem, it apprised Mr. Lorinsky and the Court.

Federal Rule 41(a) exists for exactly this situation – i.e., to allow good faith plaintiffs to start again. See 8 James Wm. Moore, Moore's Federal Practice § 41.40[5][c] (3d ed.) ("One of the central purposes of Rule 41(a) is to permit the plaintiff to dismiss an action and start over again.") "[T]he presumption in this circuit is that a court should grant a dismissal pursuant to 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." Guzman v. Hazemag U.S.A., Inc., 145 F.R.D. 308, 309 (E.D. N.Y. 1993). Indeed, not only does Rule 41 exist to allow corrections to jurisdictional problems such as those presented here, but courts have held time and again that a plaintiff may move to dismiss its action even for tactical reasons. See, e.g., Am. Nat'l. Bank and Trust Co. v. BIC Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved").

Beyond the fact that this Court lacks jurisdiction to consider this matter – a point that Lorinsky now concedes (see Opposition at 2) – in order to suffer the type of "prejudice" necessary to defeat a motion for voluntary dismissal, a defendant needs to establish "legal prejudice." And courts, including the United States Supreme Court, hold that the prospect of facing a second lawsuit does not constitute the required "legal prejudice." See, e.g., Cone v. West Va. Pulp & Paper, Co., 330 U.S. 212, 217 (1947); Am. Nat'l. Bank and Trust Co., 931

F.2d at 1412 (prejudice does not automatically result from filing of second lawsuit); <u>Mercer Tool Corp. v. Friedr. Dick</u>, 175 F.R.D. 173, 174-75 (E.D. N.Y. 1997) (Rule 41(a)(2) dismissal proper to allow plaintiff to add a non-diverse defendant in subsequent state action); <u>see also</u> Moore's Federal Practice, § 41.40[5][c] (citing cases).[2] In this instance, Lorinsky has not and cannot establish that he has suffered the sufficient "legal" prejudice to warrant this Court altering its Order dismissing this action without prejudice. He claims that Viejas' counsel sought a continuance of the trial date and that continuance was not granted; however, as set forth in Ms. Stewart's affidavit, it was Lorinsky who asked for a continuance, and that continuance was granted. Lorinsky also claims, without support, that the discovery and expert work conducted in this matter cannot be used in state court, but there is no reason that this material, other than the Requests for Admissions that Lorinsky never properly answered, cannot be used in state court, and there is no reason the state court matter cannot proceed quickly to trial with little or no inconvenience to any litigant.

---

[2] Lorinsky's argument that because Viejas did not move to vacate a judgment against First Nations that somehow means that the dismissal should have been with prejudice is based upon a faulty factual premise. The Court has not yet entered judgment against First Nations. Moreover, even assuming this argument has any merit – which it does not – this is an argument for First Nations to raise – not Lorinsky.

## CONCLUSION

In sum, Viejas reported the jurisdictional deficiency as soon as it was discovered. Federal Rule 41(a) therefore allows Viejas the opportunity to cure this problem, and this Court properly dismissed this action without prejudice. Lorinsky's objection to this dismissal without prejudice, and his request for a hearing, should be denied.

> PLAINTIFF – VIEJAS BAND OF KUMEYAAY INDIANS
>
> By /s/Elizabeth J. Stewart
>   Elizabeth J. Stewart - #ct01316
>   Theresa M. Waugh - #ct23559
>
> Murtha Cullina LLP
> Whitney Grove Square
> Two Whitney Avenue, P.O. Box 704
> New Haven, Connecticut 06503-0704
> Telephone: (203) 772-7700
> Facsimile: (203) 772-7723
> estewart@murthalaw.com
> twaugh@murthalaw.com
> Its Attorneys

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIEJAS BAND OF KUMEYAAY INDIANS | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 3:03CV02118(PCD) |
| v. | : | |
| | : | |
| JAY LORINSKY, et al. | : | |
| | : | |
| Defendants. | : | |

AFFIDAVIT OF ELIZABETH J. STEWART

I, Elizabeth J. Stewart, being duly sworn, hereby depose and state:

1. I am over eighteen years of age and understand the obligations of an oath.

2. I am a member of Murtha Cullina LLP, counsel to plaintiff Viejas Band of Kumeyaay Indians ("Viejas") in this matter, and as such I make this affidavit on personal knowledge.

3. On November 22, 2005, this Court issued a Trial Preparation Order, requiring Section A to be completed by December 21, 2005, Section B to be completed by January 4, 2006 and Section C to be completed by January 18, 2006.

4. Upon receipt of the Trial Preparation Order, my colleague, Theresa Waugh, and I began complying with Section A, which was to be submitted by the plaintiff.

5. Also on November 22, 2005, the Court issued an order to attend a settlement/status conference on Friday, December 9, 2005. That order did not require the physical presence of represented parties. Because my client, Viejas, is located in California, and its decision-making body is a multi-member tribal council, I had both my chief executive officer and my in-house counsel available by cell phone to discuss any settlement issues that might arise during the conference.

6. Ultimately, the December 9 conference was postponed to December 16, 2005 because of snow.

7. At the December 16, 2005 conference, I attended, as did Jay Lorinsky, who was appearing pro se. During that conference, we discussed the issue of Trial Preparation Order responses. I indicated that because Section A was due in only five days, we were almost done with that section and did not need any extensions. I further indicated that because my son's kidney surgery was scheduled for January 26, 2006, I would prefer not to have any extensions of the Trial Preparation Order dates because of the risk of conflicts with the time period when I would be out of the office. Nevertheless, Parajudicial Officer David Schancupp extended the deadlines for the Trial Preparation Order responses by three weeks for each of the deadlines. We also discussed the timing of the trial. Mr. Lorinsky indicated that he was starting a new job on January 1 and wanted to extend the start date of the trial to March 2006. A copy of his

letter to the Court is attached as Tab A. Parajudicial Officer Schancupp also indicated that the Court's schedule appeared to be backed up such that there would be no trial before March or April. I indicated I had no objection to this.

8. During this conference I did not request a continuance of any trial date. Nor did I indicate that I was not prepared to go to trial or that my son's surgery, which was scheduled on January 26, 2006, would have any impact on a trial date in March. The only time that I raised the issue of my son's surgery was to avoid having any of the Trial Preparation Order sections that were going to be due from my firm conflicting with that time period and to avoid having another settlement conference while I was out for this surgery.

9. As set forth above, the status/settlement conference order did not require the attendance of represented parties. During that conference, I had a telephone conversation with my in-house counsel about a settlement scenario posed by Parajudicial Officer Schancupp. When I reported the contents of that conversation to Parajudicial Officer Schancupp and Mr. Lorinsky, I was told by Parajudicial Officer Schancupp that the matter under discussion should be posed to my client's tribal council for a vote the following Tuesday, and if they did not authorize settlement at a particular level, he would order the "Chief" to attend another session in person. He further asked me to report the Tribal Council decision to both Mr. Lorinsky and to him by the end of the following week. I indicated that I would do this.

10. We continued to work on the Trial Preparation Order because the extended deadlines required us to submit Schedule A on January 11 while Ms. Waugh was out of the state for a trial advocacy program and to submit Section C on February 8 while I expected to be out for my son's surgery. It was in the course of analyzing choice of law for Section C that we discovered that there was in fact no diversity jurisdiction for this matter. After a consultation with my client, I called Mr. Lorinsky on December 22, 2005, and reported to him that the tribal council had voted not to accept the settlement scenario proposed by Parajudicial Officer Schancupp, that we had found a jurisdictional problem, and that I would like for him to consent to a Stipulated Dismissal. Mr. Lorinsky indicated to me that he would have Frank Liberty, his former lawyer, call me to discuss the jurisdictional issue. On that same date, December 22, 2005, I called Mr. Schancupp, and I informed him as to the status of the settlement negotiations and the jurisdictional issue. Mr. Schancupp indicated surprise at the jurisdictional issue, and indicated to me that he still intended to hold the settlement conference.

11. Later that week, I received a voicemail from Mr. Liberty, but when I returned the call, I did not reach him.

12. Two weeks later, with the deadlines for Trial Preparation Order compliance approaching (Section A would have been due January 11), and no word from Mr. Liberty or

Mr. Lorinsky about whether Mr. Lorinsky would stipulate to a dismissal, we filed a Motion for Voluntary Dismissal on January 3, 2006.

13.  On January 6, 2006, this Court granted the Motion for Voluntary Dismissal without prejudice.

14.  Thereafter, we served and filed an action in Superior Court that is almost identical to the complaint filed in this Court.

15.  I have written to Mr. Liberty, offering to expedite the state court case to trial. See letter attached as Tab B.  Mr. Liberty has declined to cooperate in that endeavor.

/s/Elizabeth J. Stewart
Elizabeth J. Stewart

Subscribed to and sworn to this 27th day of February, 2006.

/s/Laura L. Ryan
Notary Public
My Commission Expires: 11/30/06

EXHIBIT A

Hon. Peter C. Dorsey  
United States Courthouse  
141 Church Street  
New Haven, CT 06510

December 14, 2005

RE: Viejas Band of Kumeyaay Indians v. Jay Lorinsky  
Docket Number:   3:03cv2118(PCD)

Dear Honorable Judge Dorsey

With respect I request a delay in the above case until March, do to a new job offer that is contingent on me to be away at training for the months of January and February.(I will forward a copy of the schedule as soon it is finalized) If I miss the training I will not get the job causing a extreme hardship. Also if the case doesn't settle  (hopefully it will) I will need to hire an attorney as the pre-trial requirements are over my head procedurally. Thank you for attention to this matter.

Sincerely

Jay Lorinsky  
(860)334-6582

EXHIBIT B

# MURTHA CULLINA LLP

ATTORNEYS AT LAW

WHITNEY GROVE SQUARE
TWO WHITNEY AVENUE, P.O. BOX 704
NEW HAVEN, CONNECTICUT 06503-0704

TELEPHONE (203) 772-7700
FACSIMILE (203) 772-7723
www.murthalaw.com

ELIZABETH J. STEWART
(203) 772-7710
ESTEWART@MURTHALAW.COM

January 25, 2006

Frank J. Liberty, Esq.
Liberty Law Firm
111 Huntington Street
P.O. Box 2196
New London, CT 06320

Re: Viejas v. Lorinsky

Dear Frank:

We received notice today that you filed a Motion for Extension of Time in the federal court to respond to the Motion to Dismiss that we filed last month and which was granted on January 6, 2006 in the federal litigation. Before this goes too far, I wanted to make clear to you that we did not find the line of cases questioning subject matter jurisdiction until we were working on the trial preparation order in December 2005. If we had been aware of that line of cases earlier, we would have filed the case in state court. I certainly had no desire to move to dismiss my own case, which I think is a good one, on the eve of trial, and I certainly did not do so out of any concern about attending a pretrial settlement conference. Nevertheless, as an officer of the court, I was convinced by the case law that there was no subject matter jurisdiction under the federal diversity statutes, and based on that, my client and I agreed that it was appropriate to move to dismiss the federal action and re-file in state court.

I am very interested in having a trial, and if need be a pretrial conference, as soon as possible. To that end, as soon as your client and First Nations file appearances and responsive pleadings in the state court, I will try to close the pleadings and claim the case to the trial list. Indeed, I am considering moving the case to the complex litigation docket in an attempt to get an earlier trial date. If you and Mr. Lorinsky and First Nations would care to join me in that attempt, I would appreciate it. Discovery was conducted already in the federal case, and I see no need to wait to try the case in the state court.

Very truly yours,

*[signature]*

Elizabeth J. Stewart

cc: Theresa M. Waugh

BOSTON      HARTFORD      NEW HAVEN      STAMFORD      WOBURN

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed first-class, postage prepaid, on this 27th day of February, 2006 to:

Jay Lorinsky
95 Gifford Street
Norwich, CT  06360

Frank J. Liberty, Esq.
Liberty Law Firm
111 Huntington Street
P.O. Box 2196
New London, CT  06320

I also hereby certify that a copy of the foregoing was filed electronically on this 27th day of February 2006.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Theresa M. Waugh
Theresa M. Waugh